**CAREY–CANADA, INC., and the Celotex Corporation, Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**CAREY–CANADA, INC., Plaintiff,**

v.

**CALIFORNIA UNION INSURANCE COMPANY, et al., Defendants.**

Civ. A. Nos. 84–3113, 85–1640.

United States District Court, District of Columbia.

Dec. 16, 1987.

Jerold Oshinsky, Robert H. Shulman, Stephan G. Wielgoz, Washington, D.C., Nicholas J. Zoogman, New York City, for plaintiffs.

James E. Rocap, III, Stephen L. Nightingale, Washington, D.C., for defendants Aetna Cas. & Sur. Co.

MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

Plaintiffs have brought this action seeking a declaration that defendant primary and excess insurance carriers are obligated to indemnify plaintiffs for amounts paid in judgment or settlement of underlying cases alleging asbestos-related property damage. The court is presently faced with merely the latest of the parties' discovery disputes in this complex and expansive lawsuit. Defendant Aetna Casualty and Surety Company ("Aetna" or "defendant") has filed a motion to compel production by plaintiffs of privileged documents generated in the course of settlement negotiations in two underlying "property damage" cases.[1] Plaintiffs claim that the documents were prepared by plaintiffs' attorneys while conducting settlement negotiations in the underlying cases, and hence are shielded from discovery by the attorney-client privilege and/or the work product doctrine. In response, Aetna relies on the "common interest" doctrine, whereby communications between an insured and its attorney pertaining to the defense of underlying lawsuits are typically not privileged from disclosure to the insured's carrier in subsequent, related litigation. *See, e.g., Eureka Investment Corp. v. Chicago Title Ins. Co.,* 743 F.2d 932, 936–37 (D.C.Cir.1984); *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.,* 654 F.Supp. 1334, 1365–66 (D.D. C.1986); *Truck Ins. Exchange v. St. Paul Fire & Marine Ins. Co.,* 66 F.R.D. 129, 133–36 (E.D.Pa.1975).

---

1. Aetna initially moved to compel production of all settlement documents in underlying cases as well as product descriptions and related information pertaining to Celotex products. Plaintiffs have since agreed to produce settlement documents not covered by any privilege as well as Celotex product descriptions, thus mooting Aetna's request as to these claims. We assume, and now order, that plaintiffs will comply promptly to these requests to the extent they have not yet done so.

In resolving this discovery dispute, we are guided first by our prior discovery order issued in this case on July 26, 1985. At that time we ruled that "limited discovery should be permitted as to the facts of the underlying suits and the plaintiff's assertion of the attorney-client privilege and under the work-product doctrine should be upheld to the extent that plaintiff provides specific information concerning that discovery for which it claims protection." Order of July 26, 1985, at 2. As required, plaintiffs have now properly invoked both attorney-client and work product protections as to the fruits of settlement negotiations sought to be discovered by Aetna.[2] Defendant's document request, meanwhile, ventures beyond the "limited discovery ... into facts of underlying suits" envisioned in our prior order. We thus consider whether Aetna's reliance on the "common interest" doctrine warrants the broad discovery it now seeks.

The recent decision by a member of this court in *Independent Petrochemical Corp. ("IPC") v. Aetna Cas. & Sur. Co.*, 654 F.Supp. 1334, 1365–66 (D.D.C.1986), is illustrative but not dispositive of the matter presently at issue. In that case, Judge Flannery granted Aetna's motion to compel documents generated by plaintiff dioxin companies in the course of defending underlying dioxin-related cases. The issue in that case, as framed by Judge Flannery, was analogous to that presented here:

> whether the "common interest" doctrine trumps plaintiffs' claims of privilege where there is admittedly a common interest between the insurers and insureds in minimizing exposure in the underlying dioxin-related claims, but where there is also sharp dispute between insurers and insureds regarding insurance coverage.

*Id.* at 1365.

The court in *IPC v. Aetna* concluded that the "common interest" doctrine did indeed "trump" plaintiffs' claims of privilege, but expressly grounded its holding in the facts of that case. First, plaintiffs could not demonstrate that the documents at issue— prepared as they were years before a coverage dispute arose—were generated "in anticipation of a dispute between plaintiffs and defendants." *Id.* Second, the court had already concluded that Aetna was obligated to defend plaintiffs in the underlying cases. It thus followed that "[t]o do this [i.e., to prepare an adequate defense], access to documents prepared in anticipation of these claims are [sic] essential...." *Id.* For these reasons, the court found that "plaintiffs had no reasonable expectations of confidentiality with regard to these documents." *Id.* at 1366.

As in *IPC v. Aetna*, plaintiffs here have not demonstrated that the documents generated in underlying settlement negotiations were produced "in anticipation of" the present coverage dispute. Unlike that case, however, there remains a live and pivotal issue here as to whether Aetna is "obligated to shoulder the burden of defending against those [underlying] claims." *Id.* at 1365. There has been no finding in this case that Aetna and other insurance carriers are obliged to defend plaintiffs in underlying asbestos-related cases, nor, to our knowledge, have defendants assumed such a defense.

In addition, the coverage dispute between plaintiffs and the insurance carriers arose and has continued throughout the period during which plaintiffs have pursued settlement negotiations in underlying cases. It is evident, then, that the documents at issue were prepared in an atmosphere of uncertainty as to the scope of any identity of interest shared by plaintiffs and Aetna. In this context plaintiffs could reasonably have expected that documents concerning settlement in underlying cases

---

2. In our July 26 order we also directed parties claiming applicable privileges to "provide[ ] specific information setting forth the basis for the assertion of the privilege in a list of the documents, either document-by-document or by category." Order at 2. In literal compliance with this order, plaintiff Carey–Canada has submitted a privilege list identifying each document withheld and the privilege invoked. Plaintiff Celotex, meanwhile, has simply referred to all of its settlement negotiations in underlying cases as shielded by one or the other discovery privilege. In the future we expect both plaintiffs to be equally diligent in complying with the terms of our orders.

would be privileged and hence undiscoverable by their carriers. *See Eureka Investment Corp.*, 743 F.2d at 937 (in upholding privilege against claim of common interest, court emphasizes that "the communications sought here were made ... after the interests of [the parties] diverged," and that plaintiff harbored a "reasonable expectation of confidentiality").

For the foregoing reasons, we now uphold plaintiffs' claims of privilege. This result honors plaintiffs' reasonably held expectation of confidentiality, and comports with the spirit of our prior discovery order and the applicable case law. Accordingly, it is by the court this 15th day of December, 1987

ORDERED that defendant's motion to compel is hereby denied.